*You are hereby notified that you have twenty (20) days within which to respond to the herein Answer with New Matter.*

*Tracey M. McDevitt, Esquire*
*Attorney for Defendants*

### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**COLEEN RISPO**

          **Plaintiff**

      **v.**

**ABBY LOVING, PAUL LOVING and SUSAN LOVING**

          **Defendants**

**CIVIL ACTION NO. 02-3759**

### DEFENDANTS' ABBY LOVING, PAUL LOVING AND SUSAN LOVING ANSWER WITH AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendants, Abby Loving, Paul Loving and Susan Loving, by and through their attorneys, Reilly, Janiczek & McDevitt, P.C., hereby respond to the Complaint of Plaintiff, Coleen Rispo, as follows:

1.      Denied.  After reasonable investigations, Answering Defendants lack sufficient knowledge or information to form a belief as to the truth of the averments contained in this paragraph and, therefore, denies same and demands strict proof thereof at trial.

2.      Admitted.

3.      Admitted.

4.      Admitted in part.  Denied in part.  It is admitted that an accident occurred on January 1, 2001 in Northeast Philadelphia at or near Ryan Avenue.  It is further admitted that on January 1, 2001, Defendant, Abby

Loving, was operating a motor vehicle on Ryan Boulevard.    It is
further admitted that Susan Loving was the owner of the vehicle
operated by Abby Loving on January 1, 2001 on Ryan Avenue.    The
remainder of the averments in this paragraph state conclusions of
law to which no answer is required.    By way of further answer,
however, after reasonable investigation, Answering Defendants
lack sufficient knowledge or information to form a belief as to
the truth of the averments contained in this paragraph and,
therefore, denies same and demands strict proof thereof at trial.

     5.    Admitted in part.  Denied in part.   It is admitted that
          Abby Loving was operating a
motor vehicle on January 1, 2001 with the permission of the owner
of the vehicle.   It is admitted that defendant, Susan Loving, was
the owner of the vehicle operated by Abby Loving.    The remainder
of the averments in this paragraph are denied and strict proof
thereof is demanded at trial.

     6.    Denied.   The averments contained in this paragraph
          state conclusions of law to
which no answer is required.   By way of further answer, however,
after reasonable investigation, Answering Defendants lack
sufficient knowledge or information to form a belief as to the
truth of the averments contained in this paragraph and,
therefore, denies same and demands strict proof thereof at trial.

     7.    Denied.   The averments contained in this paragraph
          state conclusions of law to
which no answer is required.   By way of further answer, however,
after reasonable investigation, Answering Defendants lack

sufficient knowledge or information to form a belief as to the
truth of the averments contained in this paragraph and,
therefore, denies same and demands strict proof thereof at trial.
 It is specifically denied that the alleged injuries or damages
to Plaintiff are serious, permanent or causally related to the
accident.  It is specifically denied Plaintiff's alleged injuries
caused a serous impairment of bodily function.  By way of further
response after reasonable investigation, Answering Defendants
lack sufficient knowledge or information to form a belief as to
the truth of the averments contained in these paragraphs and,
therefore, denies same and demands strict proof thereof at trial.

      8.    Denied.  The averments contained in this paragraph
           state conclusions of law to
which no answer is required.  By way of further answer, however,
after reasonable investigation, Answering Defendants lack
sufficient knowledge or information to form a belief as to the
truth of the averments contained in this paragraph and,
therefore, denies same and demands strict proof thereof at trial.
 It is specifically denied that the alleged injuries or damages
to Plaintiff are serious, permanent or causally related to the
accident.  It is specifically denied Plaintiff's alleged injuries
caused a serous impairment of bodily function.  By way of further
response after reasonable investigation, Answering Defendants
lack sufficient knowledge or information to form a belief as to
the truth of the averments contained in these paragraphs and,
therefore, denies same and demands strict proof thereof at trial.

      9.    Denied.  The averments contained in this paragraph

state conclusions of law to

which no answer is required.  By way of further answer, however,

after reasonable investigation, Answering Defendants lack

sufficient knowledge or information to form a belief as to the

truth of the averments contained in this paragraph and,

therefore, denies same and demands strict proof thereof at trial.

 It is specifically denied that the alleged injuries or damages

to Plaintiff are serious, permanent or causally related to the

accident.  It is specifically denied Plaintiff's alleged injuries

caused a serous impairment of bodily function.  By way of further

response after reasonable investigation, Answering Defendants

lack sufficient knowledge or information to form a belief as to

the truth of the averments contained in these paragraphs and,

therefore, denies same and demands strict proof thereof at trial.

        10.  Denied.  The averments contained in this paragraph

                state conclusions of law to

which no answer is required.  By way of further answer, however,

after reasonable investigation, Answering Defendants lack

sufficient knowledge or information to form a belief as to the

truth of the averments contained in this paragraph and,

therefore, denies same and demands strict proof thereof at trial.


        11.  Denied.  The averments contained in this paragraph

                state conclusions of law to

which no answer is required.  By way of further answer, however,

after reasonable investigation, Answering Defendants lack

sufficient knowledge or information to form a belief as to the

truth of the averments contained in this paragraph and,
therefore, denies same and demands strict proof thereof at trial.


      12.  Denied.  The averments contained in this paragraph
         state conclusions of law to
which no answer is required.  By way of further answer, however,
after reasonable investigation, Answering Defendants lack
sufficient knowledge or information to form a belief as to the
truth of the averments contained in this paragraph and,
therefore, denies same and demands strict proof thereof at trial.


WHEREFORE, Answering Defendants, Abby Loving, Paul Loving and Susan Loving,  demand judgment in their favor against  Plaintiff, plus interests, costs, fees and other relief deemed appropriate.

## COUNT ONE

      13.  It is specifically denied that the alleged injuries or
         damages to Plaintiff are serious,
permanent or causally related to the accident.  It is
specifically denied Plaintiff's alleged injuries caused a serous
impairment of bodily function.  By way of further response after
reasonable investigation, Answering Defendants lack sufficient
knowledge or information to form a belief as to the truth of the
averments contained in these paragraphs and, therefore, denies
same and demands strict proof thereof at trial.

      14.  (a)-(j)  Answering Defendants deny that they were
         grossly negligent, negligent,

careless and/or reckless, either in general or by any of the
means specified in subparagraphs (a) through (j) of this
paragraph of Plaintiff's Complaint.  To the contrary, Answering
Defendants acted reasonably and with due care at all times and
their conduct neither caused nor contributed to injury or loss,
if any, to the Plaintiff.  The remaining averments of this
paragraph of Plaintiff's Complaint constitute conclusions of law
to which no response is required under the applicable Rules of
Civil Procedure and they are therefore deemed denied.

   15.    Denied.  The averments contained in this paragraph state conclusions of law to
which no answer is required.  By way of further answer, however, after reasonable investigation,
Answering Defendants lack sufficient knowledge or information to form a belief as to the truth
of the averments contained in this paragraph and, therefore, denies same and demands strict
proof thereof at trial.

   WHEREFORE, Answering Defendants, Abby Loving, Paul Loving and Susan
Loving,  demand judgment in their favor against  Plaintiff, plus interests, costs, fees and
other relief deemed appropriate.

**COUNT TWO**

   16.  Answering Defendants incorporate by reference
            paragraphs (1) through (15) stated
above as though fully set forth herein at lengths.
   17.  (a)-(j)   Denied.  Answering Defendants deny that they
                were grossly negligent,
negligent, careless and/or reckless, either in general or by any
of the means specified in subparagraphs (a) through (j) of this
paragraph of Plaintiff's Complaint.  To the contrary, Answering

Defendants acted reasonably and with due care at all times and
their conduct neither caused nor contributed to injury or loss,
if any, to the Plaintiff.  The remaining averments of this
paragraph of Plaintiff's Complaint constitute conclusions of law
to which no response is required under the applicable Rules of
Civil Procedure and they are therefore deemed denied.

18.  Denied.  The averments contained in this paragraph
       state conclusions of law to
which no answer is required.  By way of further answer, however,
after reasonable investigation, Answering Defendants lack
sufficient knowledge or information to form a belief as to the
truth of the averments contained in this paragraph and,
therefore, denies same and demands strict proof thereof at trial.


WHEREFORE, Answering Defendants, Abby Loving, Paul Loving and Susan
Loving,  demand judgment in their favor against  Plaintiff, plus interests, costs, fees and
other relief deemed appropriate.

### **AFFIRMATIVE DEFENSES**

19.   Plaintiffs assumed the risk of all injuries which limits and/or bars all claims.

20.   Plaintiffs' claims are barred by the Comparative Negligence Statute.

21.   Plaintiffs' claim fails to state any cause of action against Answering
Defendants upon which relief can be granted.

22.   Plaintiffs' claims are barred by the Statute of Limitations and/or Laches.

23.   Plaintiffs' claims are barred by the applicable Worker's Compensation
       Act.

24.     Plaintiffs' claims are barred because of an expressed or implied contract

and/or

release.

25.     Plaintiffs' claims are barred because of statutory and/or common law.

26.     Plaintiffs' claims are barred because of the doctrine of single controversy,

merger

and bar, res judicata and/or collateral estoppel.

27.     Plaintiffs' claims are barred by the appropriate provisions of the No-Fault

and/or

Financial Responsibility Act.

28.     Plaintiffs' claims are barred because of improper service of process.

29.     Plaintiffs' claims are barred because of the doctrine of superseding

and/or intervening cause.

30.     Plaintiffs' claims are barred by the doctrine of accord and satisfaction.

31.     Plaintiffs' claims are barred by the doctrine of waiver and/or estoppel.

32.     Plaintiffs' claims are barred because the Court lacks jurisdiction over the

subject

matter of this law suit.

33.     Plaintiffs' claims are barred because of improper venue.

34.     At the time of the automobile accident, Plaintiffs were named insureds or

insured

under a policy of insurance which provided "limited tort" benefits.

35.     At the time of the automobile accident. Plaintiffs were the owner of a

registered,

but uninsured automobile, and accordingly, is deemed to have selected the limited tort

option.

36.   Plaintiffs did not sustain a "serious injury" within the meaning of 75

Pa.C.S.A.§

1705, which is incorporated herein by reference.

37.  Plaintiffs did not sustain a "permanent serious disfigurement" within the

meaning of 75 Pa. C.S.A.§ 1705, which is incorporated herein by reference.

38.   Plaintiffs' claim for non-economic detriment us barred and/or limited to

the extent

that they failed to prove that they have suffered a "serious injury" within the meaning of

75 Pa. C.S.A.§ 1705, which is incorporated herein by reference.

39.   Plaintiffs' claims are barred because of their ownership and operation of a

motor

vehicle without insurance as required under the Pennsylvania Motor Vehicle Financial

Responsibility Act as found in 75 Pa.C.S.A.§ 1701 *et seq.*

40.   Plaintiffs' injuries are not permanent in nature or a significant impairment

of any

major bodily system and, as such, Plaintiffs are precluded from seeking redress of

injuries pursuant to the Pennsylvania Motor Vehicle Financial Responsibility Act as

found in 75 Pa.C.S.A.§ 1701 *et seq.* having been deemed to have elected the limited

tort option.

41.   Plaintiffs' claim for damages are barred because any medical bills were

"paid or

are payable" pursuant to the Motor Vehicle Financial Responsibility Law.

WHEREFORE, Answering Defendants, Abby Loving, Paul Loving and Susan

Loving, demand judgment in their favor against Plaintiff, plus interests, costs, fees and

other relief deemed appropriate.

**REILLY, JANICZEK & McDEVITT, P.C.**

_____
Tracey M. McDevitt, Esquire
Identification No. 78353
The Widener Building, One South Penn Sq.
Suite 520
Philadelphia, PA 19107
(215) 972-5200
Attorneys for Defendants
Abby Loving, Paul Loving and Susan Loving

Dated: July 12, 2002

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**V E R I F I C A T I O N**

I,, Tracey M. McDevitt, Esquire, hereby these presents, swears, attests and affirms

that she is sufficiently familiar with the facts contained herein to say that they are true and

correct to the best of her knowledge, information and belief.  I understand that false

statements herein are made subject to the penalties of 18 Pa.C.S.A. § 4904 relating to unsworn falsification to authorities.


                                         Tracey M. McDevitt, Esquire


## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **COLEEN RISPO,** | |
| **Plaintiff** | |
| **vs.** | **CIVIL ACTION NO. 02-3759** |
| **ABBY LOVING, PAUL LOVING and SUSAN LOVING,** | |
| **Defendants** | |

                                         <u>**CERTIFICATE OF SERVICE**</u>

I, *Tracey M. McDevitt*, *Esquire*, attorney for Defendants Abby Loving, Paul Loving and Susan Loving, hereby certifies that a true and correct copy of the attached *Defendants' Abby Loving, Paul Loving and Susan Loving Answer with Affirmative Defenses Plaintiff's Complaint* , was served upon counsel as follows by United States Mail, first class, postage pre-paid:

**Rudolph DeGeorge, Esquire**
**Stampone, D'Angelo & Renzi, P.C.**
**103 Township Line Road**
**Jenkintown, PA 19046**

**REILLY, JANICZEK & McDEVITT, P.C.**

By: _____
         Tracey M. McDevitt

Dated: July 12, 2002